UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DEMARIO DONTEZ WALKER
a/k/a Kiriyama Zyreonia San Givonni PLAINTIFF

VERSUS CIVIL ACTION NO. 1:20CV197-HSO-RPM

MELISSA JENKINS et al DEFENDANTS

**REPORT & RECOMMENDATION**

Plaintiff Demario Dontez Walker, proceeding *pro se* and *in forma pauperis*, filed on June 12, 2020, a 42 U.S.C. § 1983 prisoner civil rights complaint alleging that he is under imminent danger of serious physical injury at the Central Mississippi Correctional Facility (CMCF) based on claims of inadequate medical care, failure to protect, and retaliation. Plaintiff is "struck out" under the Prison Litigation Reform Act because he has accumulated three or more strikes. *See* 28 U.S.C. § 1915(g); *Walker v. Miss. Parole Bd.*, 333 F. App'x 843, 845 (5th Cir. 2009). Thus, he is only allowed to proceed *in forma pauperis* to the extent he alleges that he is "under imminent danger of serious physical injury." *Id.*

Defendants filed a motion to revoke Plaintiff's IFP status and argued that he has not demonstrated that he is entitled to the imminent-danger exception to the three-strikes rule. *See* Doc. [30]. In a separate lawsuit filed by Plaintiff, it was brought to the undersigned's attention that Plaintiff had committed a fraud upon the Court in securing a name change. *See Walker v. Hunt*, No. 1:20-CV-426-LG-RPM, 2022 WL 17484273, at *4 (S.D. Miss. July 12, 2022). Plaintiff's conduct in *Walker v. Hunt* prompted the undersigned to further scrutinize his *in forma pauperis* status in the instant lawsuit.

On February 7, 2022, the Court conducted a hearing on Defendants' motion to revoke and questioned Plaintiff regarding any corroborating proof he might have to support his imminent-danger claim. *See* Minute Entry (2/7/2022). After the hearing, the Court afforded Plaintiff the opportunity (1) to provide the Court with the names of eyewitnesses who have personal knowledge of the allegations in Plaintiff's complaint for the period of January 1, 2020, through September 1, 2020, and who would be willing to provide an affidavit; (2) to serve Defendants with a request for production of documents seeking Plaintiff's Prison Rape Elimination Act (PREA) file for the period of January 1, 2020, through September 1, 2020; and (3) to provide the Court with documentary evidence supporting the allegations in his complaint of being under imminent danger of serious physical injury at CMCF from January 1, 2020, through September 1, 2020. Doc. [42]. In light of Plaintiff's testimony and the anticipated submission of additional documentary evidence, the Court found Defendants' first motion to revoke to be moot. Doc. [43]. On March 4, 2022, Plaintiff submitted his response to the Court's order, along with affidavits and other supporting exhibits attached. Doc. [47]. Defendants have re-urged their motion to revoke Plaintiff's IFP status, which is now before the undersigned for consideration. Doc. [55].

**Law and Analysis**

Plaintiff has a long history of filing "scores of lawsuits" that allege "disturbing and outrageous allegations without a shred of evidence to support them." *See Walker v. Turner*, No. 4:18CV48-GHD-DAS, 2019 WL 1460888, at *5 (S.D. Miss. Apr. 2, 2021). On at least three other occasions, Plaintiff has been required to provide additional evidence supporting the allegations in his complaint before he would be allowed to continue *in forma pauperis*. *See Walker v. Hunt*, 2022 WL 17484273, at *2; *Walker v. Perry*, No. 1:20cv302-HSO-BWR, 2022

WL 8176157, at *2 (S.D. Miss. Oct. 14, 2022); *Walker v. Turner*, 2019 WL 1460888. During his expansive litigation history beginning in 2003, Plaintiff has filed more than 60 federal lawsuits and has accumulated at least nine strikes. *See Walker v. Perry*, 2022 WL 8176157 (S.D.Miss. Oct. 14, 2022) (attachment listing Plaintiff's lawsuits). This Court recently revoked Plaintiff's IFP status on two separate occasions based in part on his failure to demonstrate that he met the imminent-danger exception. *See Walker v. Perry*, 2022 WL 8176157, at *7; *Walker v. Hunt*, No. 1:19-cv-246-LG-RPM, 2022 WL 16921823, at *2-3 (S.D. Miss. Nov. 14, 2022). Plaintiff's litigation tactics have not been confined to the federal courts. A state circuit judge reviewing Plaintiff's convictions for attempt to utter forgery noted that Plaintiff's "repetitive filings have caused 'waste of [the circuit court's] personnel, materials, and time.'" *Walker v. State of Miss.*, 35 So.3d 555, 560 (Miss. Ct. App. 2010).

In *Walker v. Hunt*, the undersigned outlined many of Plaintiff's shenanigans and the frauds committed upon various courts by Plaintiff over the years. *See Walker v. Hunt*, 2022 WL 17484273, at *2-5. As a result of his vexatious and fraudulent litigation, U.S. District Judge Louis Guirola, Jr. ultimately sanctioned Plaintiff such that he is not permitted to file any future complaints or civil pleadings in the Southern District of Mississippi without obtaining advance written permission from a district or magistrate judge. *See Walker v. Hunt*, 2022 WL 16921823, at *4. U.S. District Judge Halil S. Ozerden entered a similar sanction in another of Plaintiff's lawsuits. *Walker v. Perry*, 2022 WL 8176157, at *9. Plaintiff filed the instant lawsuit prior to the district judges' prospective sanction.

At issue in the instant case is whether Plaintiff was under imminent danger of serious physical injury at the time he filed his complaint and request to proceed *in forma pauperis*. *See Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998). Plaintiff's bare allegations would

suggest that, at that time, he was being raped on a daily basis by gang members, prison guards, and prison administrators at CMCF. Given Plaintiff's litigation history, the undersigned required corroborating proof of his imminent-danger claims. At the hearing on February 7, 2022, Plaintiff discussed in great detail medical care claims that are simply not part of the instant litigation. For example, he discussed what he alleges is inadequate medical care for non-Hodgkin's lymphoma[1], gender dysphoria, and cardiomyopathy. With respect to the rape claims, Plaintiff generally made vague and nonspecific allegations of rape or sexual assault at CMCF. The Court then gave Plaintiff an opportunity to submit corroborating affidavits or documentary evidence to support the assertion that he was under imminent danger of serious physical injury at the time he filed his complaint in June 2020.

In his response, Plaintiff raised the following arguments: (1) U.S. District Judge Ozerden previously granted Plaintiff's IFP motion finding that he met the exception to the three-strikes bar; therefore, a U.S. Magistrate Judge cannot overrule the district judge's finding; (2) the motion to revoke IFP is untimely; and (3) Defendants have failed to meet their burden of proving that Plaintiff is not in imminent danger or that his allegations of imminent danger are false or otherwise unreliable. With respect to Plaintiff's first two arguments, § 1915(e)(2) provides that the court shall dismiss "at any time" a lawsuit brought pursuant to the *in forma pauperis* statute if the court determines that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted". The IFP statute allows the Court to revisit and reexamine "at any time" whether IFP status was improvidently granted. *See Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) ("Leave to proceed [in forma pauperis] is a privilege, not a right[,] courts have the discretion to revoke that privilege when it no longer serves its goals") (citation omitted);

[1] Under questioning from the Court, Plaintiff was unable to provide any details about his alleged 2015 non-Hodgkin's lymphoma diagnosis or treatment.

*Davis v. Hernandez*, No. 3:12–CV–2013–L–BN, 2016 WL 335442, at *2 (N.D. Tex. Jan. 5, 2016). Moreover, the undersigned U.S. Magistrate Judge's order regarding Plaintiff's IFP status is being submitted to U.S. District Judge Ozerden in the form of a report and recommendation. Thus, Judge Ozerden will have the final say on whether IFP status should be revoked. The undersigned rejects Plaintiff's arguments regarding the timing of consideration of the three-strikes bar.

With respect to Plaintiff's arguments about the burden of proof, it is Plaintiff who bears the burden of establishing the existence of an imminent danger at the time of filing. *See Newman v. Harris*, 770 F. App'x 216, 217 (5th Cir. 2019); *Banos*, 144 F.3d at 884-85. To meet his burden, Plaintiff must allege specific facts demonstrating an ongoing serious physical injury, or a pattern of misconduct that is likely to cause imminent, serious physical injury. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague or conclusory allegations are insufficient to meet Plaintiff's burden. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998*); Smith v. Dir., Texas Dep't of Criminal Justice, Corr. Institutions Div.*, 258 F. App'x 632 (5th Cir. 2007). As will be discussed more fully below, Plaintiff's allegations of imminent danger are unreliable and uncorroborated; therefore, the undersigned recommends revoking his IFP status.

As evidentiary support of his imminent-danger claim, Plaintiff provided the following documents: (1) an ARP signed by Plaintiff and dated October 12, 2020, alleging that he has not been interviewed regarding a PREA issue (Doc. [47-1] at 1); (2) a letter from Correctional Deputy Warden Joann H. Shivers acknowledging receipt of Plaintiff's "correspondence concerning several organization members assaulting you and taking your fan and clothing" (*id.* at 6); (3) an affidavit of inmate Timothy Allen McCoy dated September 3, 2020; alleging that he has seen other inmates and staff sexually assault Plaintiff (*id.* at 7); (4) an incident report dated

March 10, 2017, reporting that Plaintiff submitted an ARP that inmates extorted his mother and that he was made to perform sexual acts with other offenders to pay off his debt because his mother could no longer pay (*id.* at 10); (5) an affidavit from inmate Christopher Lamar Coleman alleging that Officers Jamario Clark and Marcus Nelson and former Warden Marshall Turner were operating a sex ring and forced Plaintiff to have sex with inmates against his will; Coleman also alleged that he witnessed Clark, Nelson, Turner, and Johnathan Hunt have sex with Plaintiff against his will (Doc. [47-2] at 1-2); (6) a letter from Jake Howard with the MacArthur Justice Center; (7) an ARP submitted by Plaintiff dated June 30, 2020, alleging that correctional officer Melissa Jenkins sexually assaulted him; and (8) an ARP dated August 31, 2020 complaining of delays in investigating allegations of sexual abuse.

As an initial matter, when considering whether Plaintiff should be entitled to proceed *in forma pauperis*, Plaintiff's self-reports of sexual abuse are simply unreliable. Thus, the many ARPs, incident reports, complaints, etc. do not constitute adequate corroborating evidence that Plaintiff was under imminent danger at the time he filed his complaint. The undersigned refers to a recent Report and Recommendation where the undersigned outlined in considerable detail Plaintiff's long history of committing fraud upon this and other courts. *Hunt v. Walker*, 2022 WL17484273, at *4-5. By way of brief summary, Plaintiff obtained an order from the Lafayette County Chancery Court changing his name to Kiriyama Zyreonia San Giovonni; however, the Chancery Court later rescinded its order after finding that Plaintiff had perpetuated a fraud on the court to obtain the name change. Plaintiff further perpetuated the fraud by seeking and obtaining a name change from this Court. *See* Doc. [18] [19]. The stain of this fraud remains, as Plaintiff's pseudonym is part of the case caption to this day. In fact, Plaintiff committed the same fraud on the Court in *Walker v. Hunt*. *See* 2022 WL 17484273, at *4. As the undersigned

noted in that case, "Walker fabricated evidence to improperly influence the Court." *Id.* at *6. As a sanction, the undersigned recommended that Plaintiff's IFP status be revoked. *Ibid.* For substantially the same reasons as stated in *Walker v. Hunt*, the undersigned recommends that Plaintiff's IFP status be revoked as a sanction in the instant lawsuit. *See Cheatam v. JCPenney Co.*, No. 1:16-CV-72-MAC, 2016 WL 7743028, at *5 ("[a]cross multiple jurisdictions, where a party is found to have fabricated evidence in an attempt to sway the court's decision making, such conduct serves a clear and immediate grounds for dismissal of the offending party's action.").

Plaintiff has made misrepresentations and committed fraud in other courts as well. For example, Plaintiff falsely represented under penalty of perjury to a U.S. District Court in New York that he was in New York in 2007 when he was actually incarcerated in Mississippi. *Walker v. United* States, no. 08-CV-3025(ENV)(LB), 2008 WL 3851589, at *1 (E.D.N.Y. Aug. 18, 2008). As outlined in *Walker v. Hunt*, Plaintiff made material misrepresentations to multiple courts throughout the United States in his efforts to obtain a same-sex marriage license. *Walker v. Hunt*, 2022 WL 17484273, at *4-5. The undersigned further notes that Plaintiff has offered professional legal services through a company called Walker Legal Clinic LLC. *See id.* at *2 (citing *In re Walker*, 18-50637-KMS, Doc. [1], (S.D. Miss. Apr. 2, 2018)). In fact, Plaintiff submitted a sworn bankruptcy filing in federal bankruptcy court in 2018 claiming that Walker Legal Clinic LLC had up to $500,000 in assets and more than $1,000,000 in liabilities. *Id.* at *2 n.4. As additional context, Plaintiff was convicted in State court in 2020 of making "False Representations to Defraud Government" in violation of Miss. Code Ann. § 97-7-10. *See Walker v. State of Miss.*, 340 So.3d 335 (Miss. Ct. App. 2021). Specifically, Plaintiff created and submitted fraudulent orders to the MDOC purportedly bearing the signature of Senior Circuit

Judge Kathy King Jackson. *Id.* at 343-45. Based on Plaintiff's history of fraud and misrepresentations to this and other courts, his bare allegations of imminent danger cannot be accepted at face value.

Turning to the prisoner affidavits submitted by Plaintiff, the Court first notes that the affidavits appear to be in Plaintiff's handwriting. Regardless, these are the same affidavits Plaintiff presented to the Court in the *Walker v. Hunt* lawsuit. The Court rejected these same affidavits and found that they did not constitute corroborative proof of Plaintiff's imminent-danger allegation. In *Walker v. Hunt*, the undesigned found that the affidavits "merely contain the same vague and conclusory statements found in Walker's vague and conclusory Complaint." *Walker v. Hunt*, 2022 WL 17484273, at *6. As noted by the undersigned, "No incident dates are given. No specific time ranges are given. No specific locations are identified. No specificity is given about whether the defendants acted together or separately." *Ibid.* Instead, Plaintiff has provided "unsupported … affidavit[s] setting forth ultimate or conclusory facts…." *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020).

A close examination of the affidavits reveals that they contain statements not consistent with Plaintiff's assertion that he was under imminent threat at the time he filed his complaint. For example, the affiants stated that they witnessed Marshall Turner have sex with Plaintiff. However, Plaintiff admitted at the February 7, 2022, hearing that Marshall Turner was not present at CMCF during the time frame in question. In fact, Turner retired from MDOC prior to Plaintiff filing the instant lawsuit. *See* Doc. [31] at 4. The affiants also stated that they witnessed correctional officer Jamario Clark have sex with Plaintiff; however, Jamario Clark died several months before Plaintiff filed the instant complaint. *See Walker v. Clark*, No. 1:17CV244-LG-RPM, 2020 WL 7040106, at *1 (S.D. Miss. Oct. 26, 2020) (defense counsel

filed a suggestion of death for Clark on April 16, 2020, indicating that he died on February 1, 2020). Based on these inconsistencies, it is clear the inmate affidavits do not constitute corroborating evidence that Plaintiff was under imminent danger at the time he filed his complaint in June 2020. For substantially the same reasons as stated in *Walker v. Hunt*, the undersigned finds that Plaintiff's inmate affidavits do not constitute corroborative documentary proof of allegations that he was under imminent danger of serious physical injury at the time he filed his complaint. As such, Plaintiff failed to meet his burden; therefore, the undersigned recommends that his IFP status be revoked. In the alternative, the undersigned recommends that Plaintiff's IFP status be revoked as a sanction for committing a fraud upon the Court regarding his name change.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants' motion to revoke IFP should be GRANTED; and that Plaintiff be given a reasonable amount of time to pay the filing fee or face dismissal of his lawsuit.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo

determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 27th day of January 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE