## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DEMARIO DONTEZ WALKER**                                         **PLAINTIFF**

**v.**                                                             **Civil No. 1:20cv197-HSO-RPM**

**MELISSA JENKINS,** *et al.*                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [62]; GRANTING DEFENDANTS' SECOND MOTION [55] TO SET ASIDE ORDER [13] AND REVOKE *IN FORMA PAUPERIS* STATUS; AND REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS

BEFORE THE COURT is the Report and Recommendation [62] of United States Magistrate Judge Robert P. Myers, Jr., which was entered in this case on January 27, 2023. The Magistrate Judge recommended that Defendants' Second Motion [55] to Set Aside Order [13] and Revoke Plaintiff's *in forma pauperis* status be granted. R. & R. [62] at 9. Plaintiff has not submitted any objections to the Report and Recommendation [62], and the time to do so has passed.

After reviewing the record and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [62] should be adopted in its entirety, and that Plaintiff's *in forma pauperis* status should be revoked.

### I. BACKGROUND

Plaintiff Demario Dontez Walker ("Plaintiff" or "Walker"), an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), filed a Complaint

1

[1] in this Court, advancing numerous claims arising out of her[1] incarceration at the Central Mississippi Correctional Facility ("CMCF"). *See* Compl. [1]. Plaintiff claimed that she suffered physical and sexual abuse as well as retaliation for filing previous grievances or lawsuits complaining of her treatment. Compl. [1] at 5-7; Resp. [15] at 2-3. She also alleged that she had not been provided with safe and adequate housing, Resp. [15] at 1-3, that CMCF employees prevented her from filing grievances and refused to investigate her complaints, *id.* at 4-5, and that they were deliberately indifferent to violent attacks against her, Ex. [8-1] at 1-4. Plaintiff named as Defendants Melissa Jenkins, Marshall Turner, Timothy Morris, Unknown Reach, James Miller, Kimberly Dingez, Ronald King, Angie Holloway, Michelle Jackson, Pamela Robinson, Jane Doe, Gia McLeod, Richard Pennington, Jarita Bivens, Ranice Matthews, Sean Smith, John Doe, Jerry Williams, Kathryn McIntyre, John Cooksy, and Russle Houston (collectively "Defendants"). *See* Compl. [1]; Resp. [8]; Ex. [8-1]; Order [14]; Resp. [15]; Order [16].

It is beyond dispute that "Walker has already been informed that he has accumulated three strikes under 28 U.S.C. § 1915(g)" and "is no longer able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *Walker v. Miss. Parole Bd.*, 333 F. App'x 843, 845 (5th Cir. 2009) (citing 28 U.S.C. § 1915(g)). Walker nevertheless filed a Motion [2] for Leave to Proceed *in forma pauperis* ("IFP"). In an effort to circumvent the three-strikes bar and obtain

---

[1] Plaintiff is transgender and has referred to herself as "she" at times, Mot. [53], and "he" at others, Compl. [1]; Resp. [15].

IFP status in this case, Walker claimed that she was in "imminent danger." *See* Compl. [1] at 1; Letter [4].

Specifically, Walker asserted that

> Melissa Jenkins and coworkers are actively sexually assaulting and physically abusing the Plaintiff and causing him to be physically assaulted by inmate gang members on an ongoing and daily [b]asis.

Letter [4] at 1. Plaintiff also cited "retaliation in the form of physical assaults, malicious and frivilous [sic] Rule Violation Reports and punitively interfering with the Plaintiff's access to medical treatment for his serius [sic] medical needs," as additional proof of imminent danger. Mem. [6] at 2. On August 27, 2020, the Court granted Walker's request to proceed IFP, noting that "[a]t this stage in the proceedings, the Court cannot definitively state that Walker does *not* meet the [imminent danger] exception provision" of § 1915(g). Order [13] at 1 (emphasis in original).

On June 15, 2021, Defendants filed a Motion [30] to Revoke Plaintiff's IFP Status. Mot. [30]. Defendants argued that Plaintiff "presents only the vaguest allegations of physical assault," without any documented facts to support an ongoing imminent risk to her health and safety. Mem. [31] at 2-4. Further, Defendants noted Plaintiff's "well-established history of malicious and frivolous lawsuits against MDOC officials for these exact same allegations," and asserted that Plaintiff's claims lacked credibility. *Id.* at 4; Ex. [30-1].

The Magistrate Judge conducted a hearing on Defendants' Motion [30] on February 7, 2022. *See* Minute Entry, Feb. 7, 2022. Following the hearing, Plaintiff was ordered to provide documentary evidence to the Court to support her

3

allegations, Order [42], and the Court denied Defendants' Motion [30] without prejudice to reassert at a later date following any evidence produced by Plaintiff, Order [43].

In response to the Court's Order [42], Plaintiff submitted several Exhibits [47-1], [47-2], [47-3], [47-4], [47-5], and [47-6], though two of the exhibits are identical, *see* Ex. [47-1], [47-6]. The documents include: (1) an administrative remedy request from Plaintiff dated October 12, 2020, claiming that MDOC had not addressed her assertions of assault, Ex. [47-1] at 1; (2) a letter from Correctional Deputy Warden Joann H. Shivers dated June 23, 2020, noting that Plaintiff had sent correspondence regarding an alleged assault and stolen property, *id.* at 6; (3) a September 3, 2020, affidavit of inmate Timothy Allen McCoy who claims to have experienced sexual harassment and assault at MDOC and to "have seen other inmates and staff (Jamario Clark, Marcus Nelson, John Hunt and Marshall Turner and Melissa Jenkins) sexually assault Demario Walker," *id.* at 7; (4) a screenshot of an "Offendertrak" profile for Plaintiff, with an incident description report from March 10, 2017, noting claims that inmates were extorting Plaintiff's mother, *id.* at 10; (5) emails between various MDOC officials discussing sexual harassment complaints made by Plaintiff, *id.* at 11-13; (6) a September 3, 2020, affidavit of inmate Christopher Lamar Coleman, claiming that he witnessed MDOC officials "operating a sex ring using gay and transgender male inmates," that the officials forced Walker to have sex with 75 to 100 inmates, and that MDOC staff "shredded and ripped up written complaints" by Walker, Ex. [47-2] at 1-2; (7) a letter from

4

Jacob Howard at the MacArthur Justice Center about an unrelated lawsuit and questions regarding marriage, Ex. [47-3]; (8) an administrative remedy request from Plaintiff dated June 30, 2020, alleging that Defendant Melissa Jenkins had sexually assaulted Plaintiff, Ex. [47-4]; and (9) an administrative remedy request from Plaintiff dated August 31, 2020, claiming that MDOC was not following its policies to prevent sexual harassment and abuse, Ex. [47-5].

Following Plaintiff's submissions, Defendants renewed their Motion [55] to revoke her IFP status, contending that Plaintiff's exhibits do not demonstrate a serious threat of imminent harm because they are either irrelevant, unsupported, or conclusory. *See generally* Mem. [56]. Plaintiff did not file a response to this Motion [55].

On January 27, 2023, the Magistrate Judge entered a Report and Recommendation [62], recommending that Defendants' Motion [55] be granted, that Plaintiff's IFP status be revoked, and that "Plaintiff be given a reasonable amount of time to pay the filing fee or face dismissal of his lawsuit." R. & R. [62] at 9. The Magistrate Judge found that "Plaintiff's self-reports of sexual abuse are simply unreliable" given her extensive history of committing fraud on various courts. *Id.* at 6-8. Regarding the inmate affidavits, the Magistrate Judge noted that they appear to be in Plaintiff's handwriting and were previously submitted in another case where this Court found that they did not demonstrate imminent harm. *Id.* at 8. Moreover, the affiants stated they witnessed sexual abuse by Marshall Turner, who had retired from MDOC prior to the filing of the present lawsuit, and by Jamario

5

Clark, who had died on February 1, 2020. *Id.* at 8-9. Accordingly, the Magistrate Judge found that the allegations in the affidavits did not demonstrate that Plaintiff faced an imminent danger of serious physical harm at the time she filed this lawsuit on June 12, 2020. *Id.* Plaintiff has not filed any objections to the Report and Recommendation [62], which were due on or before February 13, 2023, and has not taken any action in this case since March 7, 2022.

## II. DISCUSSION

Where no party has objected to the Magistrate Judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). When there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the report and recommendation. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted this required review, the Court concludes that the Report and Recommendation [62] is neither clearly erroneous nor contrary to law. Plaintiff has not carried her burden of establishing the existence of an imminent danger at the time of filing, and therefore cannot maintain IFP status. *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *see* 28 U.S.C.§ 1915(g). Plaintiff's own allegations are not credible in light of her documented history of committing fraud upon this and other courts. *See* R. & R. [62] at 6-8; *Walker v. Hunt*, No. 1:19-cv-246-LG-RPM, 2022 WL 17484273, at *4-5 (S.D. Miss. July 12, 2022). Moreover, the supposed affidavits

of other inmates are conclusory, lack any specific dates or locations, and claim harm caused by some MDOC officials who were deceased or otherwise did not work at the facility where Plaintiff was housed at the time of filing. *See* Mem. [31] at 4; Ex. [47-1] at 7; [47-2] at 1-2; *Walker v. Clark*, No. 1:17cv244-LG-RPM, 2020 WL 7040106, at *1 (Oct. 26, 2020). The Court will adopt the Magistrate Judge's Report and Recommendation [62] as the opinion of this Court. Plaintiff's IFP status will be revoked, and she must pay the remaining unpaid portion of the filing fee,[2] or face dismissal of this lawsuit.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [62] is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Second Motion [55] to Set Aside Order [13] Setting Payment Schedule and Revoke IFP Status is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Court's August 27, 2020 Order [13] granting Plaintiff Demario Dontez Walker's Motion [2] for Leave to Proceed *in forma pauperis* is **WITHDRAWN**; and upon reconsideration the Motion [2] for Leave to Proceed *in forma pauperis* is **DENIED**; and Walker's *in forma pauperis* status is **REVOKED** pursuant to 28 U.S.C. § 1915(g).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Demario Dontez Walker shall pay the remaining unpaid portion of the required filing fee

---

[2] The record reflects that Plaintiff has made a partial payment of $103.01 towards the filing fee. *See* Docket Entry, Oct. 16, 2020 (noting receipt of $103.01 as partial payment of the filing fee).

7

within **thirty (30) days** of the date of entry of this Order, or the Court will dismiss this case without further notice to Plaintiff.

**SO ORDERED AND ADJUDGED**, this the 23rd day of February, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE