IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DEMARIO DONTEZ WALKER**                                                        **PLAINTIFF**

v.                                                            Civil No. 1:20cv197-HSO-RPM

**MELISSA JENKINS,** *et al.*                                              **DEFENDANTS**

### ORDER DISMISSING WITHOUT PREJUDICE CIVIL ACTION FOR FAILURE TO COMPLY WITH COURT ORDER [63] AND TO PAY FILING FEE

This matter is before the Court sua sponte. On February 23, 2023, the Court entered an Order [63] which granted Defendants' Second Motion [55] to Set Aside Order [13] and Revoke Plaintiff Demario Dontez Walker's *In Forma Pauperis* Status. *See* Order [63]. The Order [63] directed Plaintiff to "pay the remaining unpaid portion of the required filing fee within **thirty (30) days** of the date of entry of th[e] Order," and warned that "the Court will dismiss this case without further notice to Plaintiff" if payment was not received. Order [63] at 7-8 (emphasis in original). The Order [63] was mailed to Plaintiff at her address of record and was not returned as undeliverable.

Pursuant to Order [63], Plaintiff was required to pay the requisite filing fee by March 25, 2023.[1] To date, the Court has not received the required payment from

---

[1] Because March 25, 2023, was a Saturday, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), Plaintiff had until March 27, 2023, to pay the remaining filing fee. *See* Fed. R. Civ. P. 6(a)(1)(C) (noting that "if the last day [of a stated time period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

1

Plaintiff, nor has she taken any action in this case since March 7, 2022, over a year ago.

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also Jackson v. Tex. Bd. of Pardons & Paroles*, 198 F. App'x 379, 380 (5th Cir. 2006) (per curiam) (affirming dismissal without prejudice of a pro se prisoner's § 1983 claim where the prisoner "was instructed that he was responsible for paying the filing fee" but "did not comply with the district court's order").

After the Court revoked Plaintiff's *in forma pauperis* status, she was warned that she must pay the requisite filing fee, or her claims would be dismissed without further notice. *See* Order [63] at 7-8. Despite this instruction from the Court, Plaintiff has not paid the remaining unpaid portion of the filing fee, nor has she taken any action in this matter in over a year. Plaintiff's actions demonstrate a failure to prosecute and to comply with a Court Order [63]. Therefore, the Court

finds that dismissal without prejudice is warranted under Federal Rule of Civil Procedure 41(b). *See Link*, 370 U.S. at 630-31; *Jackson*, 198 F. App'x at 380.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the above captioned civil action is **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court Order [63], and to pay the required filing fee.

**SO ORDERED AND ADJUDGED**, this the 29th day of March, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE